IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GRACIELA HILARIO,<br>    PLAINTIFF, | §<br>§<br>§ |
| VS. | §    CASE NO. 5:23-cv-63<br>§ |
| MALL DEL NORTE, LLC,<br>ERMC, LLC, AND UNIVERSAL<br>PROTECTION SERVICE, LLC D/B/A<br>ALLIEDUNIVERSAL,<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Graciela Hilario and files this first amended complaint and respectfully states the following:

### A. PARTIES AND SERVICE

1. Plaintiff Graciela Hilario ("Plaintiff") is an individual and resident of Webb County, Texas.

2. Defendant MALL DEL NORTE, LLC ("Defendant Mall Del Norte") is a domestic for-profit corporation organized and existing under the laws of Texas, and has made an appearance.

3. Defendant ERMC, LLC ("Defendant ERMC") is a foreign limited liability company doing business in the State of Texas for the purpose of profit and has made an appearance.

4. Defendant UNIVERSAL PROTECTION SERVICE, LLC D/B/A "ALLIEDUNIVERSAL" ("Defendant AlliedUniversal") is a foreign limited liability company who is a successor party to Defendant ERMC, LLC who may be served with process by serving its attorney Robert E. Valdez, Valdez & Treviño, Attorneys at Law, P.C., 8023 Vantage Drive,

Ste. 700, San Antonio, Texas 78230.

**B. JURISDICTION AND VENUE**

5. The Court has jurisdiction over this lawsuit because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue in proper in the Southern District of Texas as the Plaintiff is a resident of this district and a substantial part of the events or omissions giving rise to this lawsuit occurred in Laredo, Webb County, Texas.

**C. CONDITIONS PRECEDENT**

7. All conditions precedent necessary for bringing this action have been performed or have occurred.

**D. FACTS**

8. On May 30, 2021, when the Plaintiff was walking through the mall entrance doors next to the Cinemark movie theater at the Mall Del Norte, located at 5300 San Dario Ave., Laredo, Texas, a metal cover from an electromechanical door closer fell from its position above the door frame and struck the top of the Plaintiff's head. A mall security guard witnessed the occurrence.

9. It is believed that either Defendant ERMC or Defendant AlliedUniversal was responsible for the security and maintenance and janitorial services of the premises, including the inspection, care, and repair of safety hazards related to the doors which caused injury to the Plaintiff at or near the time the incident occurred. The Plaintiff's injuries were proximately caused by physical and environmental factors under the control of Defendants Mall Del Norte, ERMC,

and/or AlliedUniversal involving an unsafe door attributable to lack of qualified inspection, service and maintenance, and upkeep.

10. Defendant AlliedUniversal assumed the assets and liabilities of Defendant ERMC, and Defendant AlliedUniversal is a successor in interest to the claims and liabilities asserted in this litigation.

### E. PRESERVATION OF EVIDENCE

11. Plaintiff hereby requests and demands that Defendants Mall Del Norte, ERMC, and AlliedUniversal preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit or damages resulting there from; including video surveillance, statements, photographs, videotapes, audiotapes, recording, surveillance or security tapes or information, business records, medical records, incident reports, investigation reports, periodic reports, financial statements, bills, telephone call slips or records, invoices, checks, measurements, correspondence, facsimiles, emails, voice mails, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages.

12. Failure to maintain such items will constitute "spoliation" of evidence.

### F. CAUSES OF ACTION

### *PREMISES LIABILITY*

13. Defendant Mall Del Norte was and is the owner, lessor and/or controlled the premises of the Mall Del Norte located at 5300 San Dario Ave., Laredo, Texas 78041. More specifically, Mall Del Norte controlled the doorway where the incident that makes the basis of this litigation occurred.

14. On May 30, 2021, the Plaintiff entered the premises of Defendant Mall Del Norte with its knowledge and for their mutual benefit. Precisely as the Plaintiff was walking through the doors next to the Cinemark movie theater, a metal cover from an electromechanical door closer fell from above the door and struck the top of the Plaintiff's head. At all times relevant, Plaintiff was an invitee as that term is understood under Texas law.

15. The blow caused serious injuries and damage to the Plaintiff, particularly a concussion. The condition of the collapsing metal cover from the electromechanical door closer posed an unreasonable risk of harm and a dangerous condition. The Defendant Mall Del Norte knew or reasonably should have known of the dangerous condition because the doors from where the metal cover fell from are continually being used daily by mall visitors. Those doors should be receiving regular and qualified inspection, service, and maintenance. Defendant Mall Del Norte failed to properly inspect and maintain it in a safe condition or repair the door and electromechanical door-closer which injured the Plaintiff.

16. The Defendant Mall Del Norte had a duty to use ordinary care to ensure that the premises did not present a danger to the Plaintiff. Further, they had a duty to make the premises safe for patrons such as the Plaintiff. On the occasion in question, the Defendant Mall Del Norte, acting through their agents, servants, and/or employees who were always acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question, to wit:

    a.    failing to prevent injury by safely securing and/or attaching the metal cover of the electromechanical door closer;

    b.    failing to properly maintain in working condition the electromechanical door closer;

    c.      failing to use qualified personnel to inspect and maintain the electromechanical door closer and its components in a reasonably safe condition;

    d.      failing to exercise reasonable care to reduce or eliminate the risk(s) to invitees such as Plaintiff of the unreasonably dangerous condition of the electromechanical door closer;

    e.      creating and causing an unreasonably dangerous condition to exist on its premises due to lack of reasonable care for safety and/or a lack of qualified service and maintenance according to safety standards and related guidelines;

    f.      failing to promptly repair the unsafe electromechanical door closer;

    g.      failing to correctly install, secure, and use the electromechanical door closer and its components;

    h.      failing to follow the manufacturer guidelines for the safe operation of the electromechanical door closer and its components;

    i.      failing to inspect and make safe a dangerous condition.

    j.      failing to maintain in a reasonably safe condition and free of hazards that portion of the premises where the Plaintiff was injured;

    k.      failing to correct the unreasonably dangerous condition created by the electromechanical door closer;

    l.      failing to warn customers, including the Plaintiff, of the dangerous condition of the electromechanical door closer;

    m.      failing to properly inspect the location in question to discover the unreasonably dangerous condition created by the unsteady, falling cover to an the electromechanical door closer;

    n      failing to properly train its employees regarding the proper manner in which to make, keep, and maintain the electromechanical door closer;

    o.      failing to implement proper policies, rules, and/or procedures to maintain the electromechanical door closer;

    p.      failing to enforce proper policies, rules, and/or procedures to make the electromechanical door closer reasonably safe; and

    q.      failing to warn the public of the defect in the electromechanical door closer.

17. Each of these acts and omissions, singularly or in combination with others, constitute negligence. Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

### *NEGLIGENCE OF ERMC*

18. Defendant ERMC was the maintenance and janitorial company whose alleged responsibility was to maintain, inspect, care, repair, and address safety hazards related to the doors which caused injury to the Plaintiff. On the occasion in question, Defendant ERMC did not adequately maintain, inspect, care, or repair the condition which caused injury to the Plaintiff prior to the occasion alleged and failed to warn the Plaintiff of the hazardous condition prior to the occasion alleged.

19. Plaintiff entered the premises of Defendant Mall Del Norte with its knowledge and for their mutual benefit as an invitee. Precisely as the Plaintiff was walking through the doors next to the Cinemark movie theater, a metal cover from an electromechanical door closer fell from above the door and struck the top of the Plaintiff's head. Defendant ERMC knew or reasonably should have known of the dangerous condition of the premises because the doors from where the metal cover fell from are continually being used daily by mall visitors. Those doors should be receiving regular and qualified inspection, service and maintenance. Defendant ERMC failed to properly inspect and maintain in a safe condition or repair the electromechanical door closer and its components.

20. Defendant ERMC had duties to use ordinary care to ensure that the premises did not present a danger to the Plaintiff. These duties stemmed from contractual agreements for maintenance and janitorial services between Defendant Mall Del Norte and Defendant ERMC. On the occasion in question, the Defendant ERMC, acting through its agents, servants, and/or

employees who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question, to wit:

    a.    failing to prevent injury by safely securing and/or attaching the metal cover of the electromechanical door closer;

    b.    failing to properly maintain in working condition the electromechanical door closer;

    c.    failing to use qualified personnel to inspect and maintain the electromechanical door closer and its components in a reasonably safe condition;

    d.    failing to exercise reasonable care to reduce or eliminate the risk(s) to invitees such as Plaintiff of the unreasonably dangerous condition of the electromechanical door closer;

    e.    creating and causing an unreasonably dangerous condition to exist on its premises due to lack of reasonable care for safety and/or a lack of qualified service and maintenance according to safety standards and related guidelines;

    f.    failing to promptly repair the unsafe electromechanical door closer;

    g.    failing to correctly install, secure, and use the electromechanical door closer and its components;

    h.    failing to follow the manufacturer guidelines for the safe operation of the electromechanical door closer and its components;

    i.    failing to inspect and make safe a dangerous condition.

    j.    failing to maintain in a reasonably safe condition and free of hazards that portion of the premises where the Plaintiff was injured;

    k.    failing to correct the unreasonably dangerous condition created by the electromechanical door closer;

    l.    failing to warn customers, including the Plaintiff, of the dangerous condition of the electromechanical door closer;

    m.    failing to properly inspect the location in question to discover the unreasonably dangerous condition created by the unsteady, falling cover to the electromechanical door closer;

    n    failing to properly train its employees regarding the proper manner in which to make, keep, and maintain the electromechanical door closer;

    o.    failing to implement proper policies, rules, and/or procedures to maintain the electromechanical door closer;

    p.    failing to enforce proper policies, rules, and/or procedures to make the electromechanical door closer reasonably safe; and

    q.    failing to warn the public of the defect in the electromechanical door closer.

21. Each of these acts and omissions, singularly or in combination with others, constitute negligence. Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

## *NEGLIGENCE OF ALLIED UNIVERSAL*

22. Defendant AlliedUniversal was the maintenance and janitorial company whose alleged responsibility was to maintain, inspect, care, repair, and address safety hazards related to the doors which caused injury to the Plaintiff. On the occasion in question, Defendant AlliedUniversal did not adequately maintain, inspect, care, or repair the condition with caused injury to the Plaintiff prior to the occasion alleged and failed to warn the Plaintiff of the hazardous condition prior to the occasion alleged.

23. Plaintiff entered the premises of Defendant Mall Del Norte with its knowledge and for their mutual benefit. Precisely as the Plaintiff was walking through the doors next to the Cinemark movie theater, a metal cover from an electromechanical door closer fell from above the door and struck the top of the Plaintiff's head. Defendant AlliedUniversal knew or reasonably should have known of the dangerous condition of the premises because the doors from where the

metal cover fell from are continually being used daily by mall visitors. Those doors should be receiving regular and qualified inspection, service and maintenance. Defendant AlliedUniversal failed to properly inspect and maintain in a safe condition or repair the electromechanical door closer and its components.

24. Defendant AlliedUniversal had duties to use ordinary care to ensure that the premises did not present a danger to the Plaintiff. These duties stemmed from contractual agreements for maintenance and janitorial services between Defendant Mall Del Norte and Defendant Universal. On the occasion in question, the Defendant AlliedUniversal, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question, to wit:

a. failing to prevent injury by safely securing and/or attaching the metal cover of the electromechanical door closer;

b. failing to properly maintain in working condition the electromechanical door closer;

c. failing to use qualified personnel to inspect and maintain the electromechanical door closer and its components in a reasonably safe condition;

d. failing to exercise reasonable care to reduce or eliminate the risk(s) to invitees such as Plaintiff of the unreasonably dangerous condition of the electromechanical door closer;

e. creating and causing an unreasonably dangerous condition to exist on its premises due to lack of reasonable care for safety and/or a lack of qualified service and maintenance according to safety standards and related guidelines;

f. failing to promptly repair the unsafe electromechanical door closer;

g. failing to correctly install, secure, and use the electromechanical door closer and its components;

h. failing to follow the manufacturer guidelines for the safe operation of the electromechanical door closer and its components;

i. failing to inspect and make safe a dangerous condition.

j. failing to maintain in a reasonably safe condition and free of hazards that portion of the premises where the Plaintiff was injured;

k. failing to correct the unreasonably dangerous condition created by the electromechanical door closer;

l. failing to warn customers, including the Plaintiff, of the dangerous condition of the electromechanical door closer;

m. failing to properly inspect the location in question to discover the unreasonably dangerous condition created by the unsteady, falling cover to the electromechanical door closer;

n failing to properly train its employees regarding the proper manner in which to make, keep, and maintain the electromechanical door closer;

o. failing to implement proper policies, rules, and/or procedures to maintain the electromechanical door closer;

p. failing to enforce proper policies, rules, and/or procedures to make the electromechanical door closer reasonably safe; and

q. failing to warn the public of the defect in the electromechanical door closer.

25. Each of these acts and omissions, singularly or in combination with others, constitute negligence. Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

## G. ACTUAL DAMAGES

26. As a result of the injuries sustained by the Plaintiff, the Plaintiff has incurred expenses for medical care and attention in an amount currently unliquidated including physician's fees, emergency care, medical supplies, medication, nursing services, and surgical procedure(s). These expenses were incurred for necessary care and treatment for injuries resulting from the

accident made the basis of this lawsuit and the charges were reasonable and customary for such services in the place where such services were performed and for this, the Plaintiff hereby sues.

27. As a result of the occurrence described above, the Plaintiff has suffered severe personal injuries which resulted in damages in the following respect:

    a. Medical, hospital and pharmaceutical expenses in the past;
    b. Medical hospital and pharmaceutical expenses which, in reasonable probability, will be incurred in the future;
    c. Physical pain and suffering in the past;
    d. Physical pain and suffering in the future;
    e. Mental anguish suffered in the past;
    f. Mental anguish which, in reasonable probability, will be suffered in the future;
    g. Physical impairment which the Plaintiff has suffered from in the past;
    h. Physical impairment which the Plaintiff, in reasonable probability will suffer from in the future.

## H. PRE-EXISTING CONDITION

28. Alternatively, if it is shown that Plaintiff, prior to the occurrence, had pre-existing medical, physical and/or psychological conditions, then Plaintiff sustained aggravation of such pre-existing medical, physical and/or psychological conditions. More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating. The occurrence and the conduct of the Defendants Mall Del Norte, ERMC, and AlliedUniversal, by and through its agents, employees, and vice-principals, have aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries. Further, as a consequence of Plaintiff's injuries caused by the conduct of Defendants Mall Del Norte, ERMC, and AlliedUniversal, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. Plaintiff has

also sustained additional mental anguish because of this increased vulnerability, which in reasonable probability Plaintiff will experience for the remainder of Plaintiff's life.

## I. SUBSEQUENT CONDITION

29. Pleading further, if it is shown that Plaintiff suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the occurrence alleged by the Plaintiff.

## J. JURY DEMAND

30. Plaintiff demands a jury trial and has tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Graciela Hilario prays that this Honorable Court awarded the Plaintiff a judgment against Defendant MALL DEL NORTE, LLC, ERMC, LLC, and UNIVERSAL PROTECTION SERVICE, LLC D/B/A ALLIEDUNIVERSAL for the following:

   a. Actual damages;
   b. Prejudgment post-judgment interest;
   c. Court costs; and
   d. All other relief to which Plaintiff is entitled to.

Respectfully submitted,

RODERICK C. LOPEZ, P.C.
6557 Metro Court, Suite. 1
Laredo, Texas 78041
Telephone (956) 568-5028
Facsimile: (956) 728-0883
Email: filings@lawredo.com
Personal email: rick@lawredo.com

By: _____
Roderick C. Lopez
State Bar No.: 24034544

*Attorney for Plaintiff Graciela Hilario*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on September 25, 2023.

Kristie E. Johnson
Avery N. Moyle
Wilson Elser Moskowitz Edelman & Dicker, LLP
909 Fannin St., Ste. 3300
Houston, Texas 77010
Tel. No. (713) 353-2000
Fax No. (713) 785-7780
Kristie.Johnson@wilsonelser.com
Avery.Moyle@wilonelser.com
*Attorneys for Defendant MALL DEL NORTE, LLC*

Robert E. Valdez
Valdez & Treviño Attorneys at Law, P.C.
Callaghan Tower
8023 Vantage Dr., Ste. 700
San Antonio, Texas 78230
Tel. No. (210) 598-8686
Fax No. (210) 598-8797
revaldez@valdeztrevino.com
*Attorney for Defendant ERMC, LLC*
*Attorney for Defendant UNIVERSAL PROTECTION SERVICE, LLC D/B/A ALLIEDUNIVERSAL*

By: _____
Roderick C. Lopez